UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL REEVES and KATHRYN HARRISON, pro se, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF HINGHAM, POLICE CHIEF GLENN OLSSON, POLICE COMMISSIONER PAUL K HEALEY, TED ALEXIADES INDIVIDUALLY AND IN THEIR CAPACITY AS CHIEF OF POLICE, POLICE COMMISSIONER AND TOWN ADMINISTRATOR; AND OTHER JOHN AND JANE DOE POLITICIANS AND EMPLOYEES <br><br> Defendants. | Civil No. 1:19-cv-11474-LTS |

ORDER

September 4, 2019

SOROKIN, J.

On July 5, 2019, Plaintiffs Russell Reeves and Kathryn Harrison brought identical pro se actions in state and federal court against the Town of Hingham, its police chief and commissioner, and other Town employees, alleging federal and state law violations arising out of the death of their son, Austin Reeves. Doc. No. 1 at 34. Specifically, in both actions Plaintiffs allege that "Austin Reeves' death was directly an intended or unintended byproduct of police harassment." Doc. No. 1 at 25. As Defendants note, "both actions are entirely identical in all 35 pages of each Complaint," presenting the same facts and allegations against the same defendants. Doc. No. 7 at 1-2. On July 30, 2019, Defendants removed the state court action to this Court and subsequently moved to consolidate the two actions, or in the alternative, to dismiss the removed action. Doc. No. 7 at 3. The Court allowed Defendants' Motion to Consolidate "to the extent

that the two actions are consolidated" and held under advisement "the request for dismissal of one action on the ground one duplicates the other." Doc. No. 8.

"Courts have held that a plaintiff has 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s].'" Montoyo-Rivera v. Pall Life Scis. PR, LLC, 245 F. Supp. 3d 337, 342 (D.P.R. 2017), appeal dismissed, No. 17-1401, 2017 WL 5157542 (1st Cir. Aug. 11, 2017) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977). Separate actions are "generally found duplicative" when, as here, the "parties and available relief do not differ significantly between the two actions." Amaefuna v. Wilkie, No. CV 17-12496-IT, 2018 WL 4403313, at *2 (D. Mass. Aug. 14, 2018), report and recommendation adopted, No. 17-CV-12496-IT, 2018 WL 4380989 (D. Mass. Sept. 14, 2018). "After finding that a suit is duplicative and weighing the equities of the case, the district court may exercise its discretion to dismiss" a duplicative action. Montoyo-Rivera, 245 F. Supp. at 342 (internal quotation marks omitted). Such dismissals "promote judicial economy and the comprehensive disposition of litigation." Id. (internal quotation marks omitted).

After reviewing the parties' submissions, finding that the two actions are duplicative, and weighing the equities of the case, Defendants' motion is ALLOWED and case 1:19-cv-11638-LTS is dismissed without prejudice. Defendants' response to the Complaint is due on September 24, 2019.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                                Leo T. Sorokin
                                                United States District Judge